UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE McCARTHY,

v.  Case No. 8:09-cr-395-T-33AEP
    8:11-cv-2780-T-33AEP

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant McCarthy's successive motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion to vacate" or "motion)." (Doc. cv-1; cr-52).

For the reasons stated below, the motion to vacate will be denied.

**BACKGROUND**

On December 17, 2011, Defendant Lawrence McCarthy signed and subsequently filed, a document entitled, "Motion Pursuant to 28 2255(4) or Other Appropriate Remedy This Court Deems Fit." (Doc. cv-1). This is McCarthy's second motion to vacate. (See Case No. 8:10-cv-1905-T-33AEP.)[1]

**DISCUSSION**

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or

---

[1] In the previous case, this Court denied McCarthy's motion to vacate and entered judgment against McCarthy. The Court declined to issue a certificate of appealability and stated that McCarthy was not entitled to appeal in forma pauperis. This Court also denied McCarthy's motion for reconsideration. McCarthy appealed and the Eleventh Circuit denied McCarthy's request for Certificate of Appealability and his motion to proceed in form pauperis.

successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

Defendant McCarthy has not fulfilled the requirements of the statutes as set out above. Accordingly, McCarthy's successive 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-52) is denied. The Clerk is directed to enter judgment against McCarthy in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard*

*v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 22, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: Kelly Clement Howard-Allen
Lawrence G. McCarthy